# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | Case No. 1:18-po-00307-SAB |
|---|---|
| Plaintiff, | ORDER GRANTING UNOPPOSED MOTION TO DISMISS PETITION FOR PROBATION VIOLATION AND VACATING NOVEMBER 17, 2022 STATUS CONFERENCE |
| v. | |
| MICHAEL A. HOUK, | |
| Defendant. | (ECF Nos. 82, 83, 85) |

Currently before the Court is Defendant Michael A. Houk's motion to dismiss a probation violation petition, filed pursuant to Federal Rule of Criminal Procedure 12 on July 29, 2022. (ECF No. 82.)  For the reasons explained herein, the unopposed motion shall be granted, and the Form 12C Petition for Violation of Probation filed by the Probation Office on May 9, 2022, shall be dismissed.

**I.**

**BACKGROUND**

On January 16, 2020, following trial, the Court sentenced Defendant to 12 months of probation to expire on January 15, 2021, along with other mandatory conditions including that Defendant obey all state, federal, and local laws.  (ECF No. 39.)  On December 7, 2020, the Court issued a warrant for Defendant's arrest pursuant to a Form 12C petition (the "First Petition") alleging that Defendant had failed to timely pay his financial obligation, failed to

1

participate in and complete an anger management course, and failed to timely complete sixty hours of community service.  (ECF No. 52.)  On December 10, 2020, Defendant had an initial appearance on the First Petition, entering a denial to all charges.  (ECF No. 54.)  On January 15, 2021, per the terms of the judgment, Defendant's term of probation expired.  (ECF No. 39 at 2.)

On March 18, 2021, the Court held an admit/deny hearing, during which Defendant admitted to the three charges alleged in the First Petition.  (ECF No. 59.)  On June 17, 2021, the Court revoked Defendant's first term of probation and sentenced him to another year-long term of unsupervised probation to expire on June 16, 2022.  (ECF Nos. 69, 70.)  Pursuant to the conditions imposed, the Court ordered Defendant to appear at a probation review hearing on April 21, 2022 and to file a status report two weeks prior.  (ECF No. 70.)

On April 14, 2022, counsel for Defendant filed a status report in advance of the probation review hearing.  (ECF No. 75.)  While Defense counsel asserted that Defendant had complied with the terms of his second term of probation, counsel for the Government disagreed, contending that on April 3, 2021, Defendant was arrested by the Fresno Police Department for felony assault and felony corporal injury on a spouse, was a violation of the terms of probation.  (Id.)  On April 21, 2022, the Court referred the matter to the Probation Office to determine if a Form 12C petition should be issued.  (ECF No. 76.)  On May 9, 2022, the Court ordered the issuance of a warrant pursuant to a Form 12C petition (the "Second Petition") alleging that Defendant violated the terms of his probation because "[o]n or about 4/3/2021, the defendant was arrested in Fresno, California, for inflicting corporal injury to a spouse, assault with a deadly weapon not firearm, and obstructing a public officer."  (ECF No. 77.)

On May 19, 2022, the Court held a status conference re probation review and initial appearance on the Second Petition, at which, the Court set a briefing schedule for any motions, and set a status conference for August 18, 2022.  (Mot., ECF No. 81.)  On July 29, 2022, the Defendant filed the motion to dismiss currently before the Court, and set the motion for hearing on August 18, 2022.  (Opp'n, ECF No. 82.)  On August 4, 2022, the Government filed a statement of non-opposition to the motion to dismiss.  (ECF No. 83.)  On August 10, 2022, to accommodate the Court's schedule, the Court continued the August 18, 2022 status conference

and hearing on the motion until September 15, 2022. (ECF No. 84.) On September 15, 2022, the Court held a status conference on the Second Petition and motion to dismiss, and the Court took the motion under submission and set a further status conference to be held on November 17, 2022. (ECF No. 85.)

## II.

## LEGAL STANDARD

18 U.S.C. § 3564 governs the commencement, extension, and revocation of terms of probation:

> **(a) Commencement.**--A term of probation commences on the day that the sentence of probation is imposed, unless otherwise ordered by the court.
>
> **(b) Concurrence with other sentences.**--Multiple terms of probation, whether imposed at the same time or at different times, run concurrently with each other. A term of probation runs concurrently with any Federal, State, or local term of probation, supervised release, or parole for another offense to which the defendant is subject or becomes subject during the term of probation. A term of probation does not run while the defendant is imprisoned in connection with a conviction for a Federal, State, or local crime unless the imprisonment is for a period of less than thirty consecutive days.
>
> **(c) Early termination.**--The court, after considering the factors set forth in section 3553(a) to the extent that they are applicable, may, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation, terminate a term of probation previously ordered and discharge the defendant at any time in the case of a misdemeanor or an infraction or at any time after the expiration of one year of probation in the case of a felony, if it is satisfied that such action is warranted by the conduct of the defendant and the interest of justice.
>
> **(d) Extension.**--The court may, after a hearing, extend a term of probation, if less than the maximum authorized term was previously imposed, at any time prior to the expiration or termination of the term of probation, pursuant to the provisions applicable to the initial setting of the term of probation.
>
> **(e) Subject to revocation.**--A sentence of probation remains conditional and subject to revocation until its expiration or termination.

18 U.S.C. § 3564.

///

## III.

## DISCUSSION

Defendant argues that the Court lacks jurisdiction to revoke Defendant's second term of probation based on an alleged new violation that purportedly occurred on April 3, 2021, because Defendant was not on probation at that time. The Government does not oppose the motion. Specifically, the Government affirms that Defendant's original term of probation expired on January 15, 2021, and that nothing in the record indicates that Defendant was on probation on April 3, 2021. (Opp'n 1.) The Government submits that it is not aware of any statutory provision that would have extended Defendant's first term of probation beyond January 15, 2021. The Government proffers that it thus does not address any other aspects of the Defendant's motion, and that on "these facts," does not oppose the Defendant's motion to dismiss the probation violation petition.

The alleged new law violation occurred on April 3, 2021, while the prior term of probation expired on January 15, 2021. "A term of probation commences on the day that the sentence of probation is imposed, unless otherwise ordered by the court." 18 U.S.C. § 3564(a). "The court may, after a hearing, extend a term of probation, if less than the maximum authorized term was previously imposed, at any time prior to the expiration or termination of the term of probation, pursuant to the provisions applicable to the initial setting of the term of probation." 18 U.S.C. § 3564(d). The Court agrees with Defendant that the term of probation was not extended pursuant to 18 U.S.C. § 3564(d). Thus, Defendant was not on probation when the alleged new law violation occurred. Thus, Defendant was not on probation from January 15, 2021 until June 17, 2021, when his prior term of probation was revoked and a new term imposed. Based on the facts of this case and the parties' submissions, the Court further finds no tolling provision or doctrine tolled the probation term. See 18 U.S.C. § 3564(b); Bowles v. Russell, 551 U.S. 205, 214 (2007); United States v. Pocklington, 792 F.3d 1036, 1039 (9th Cir. 2015).

Given the interests at stake, as expressed at the hearing on the motion to dismiss, the Court has concerns regarding ensuring appropriate procedures are in place so that this situation does not repeat itself. The Court was informed that the general practice is now for the Court to

4

extend terms of probation instead of revoking them, and this will address potential issues of crimes occurring during a time period that would have fallen within a previous term of probation. Here, given the facts of this case, the applicable law, and the Government's non-opposition to dismissal based on these facts, the Court shall grant the Defendant's motion to dismiss the Second Petition, based on Defendant's primary argument and the Court's finding that the Defendant was not on probation on April 3, 2021.

## IV.
## ORDER

Accordingly, IT IS HEREBY ORDERED that:

1. Defendant's motion to dismiss (ECF No. 82), is GRANTED;
2. The Form 12C Petition for Violation of Probation filed on May 9, 2022, (ECF No. 77), is DISMISSED; and
3. The status conference set for November 17, 2022, (ECF No. 85), is VACATED.

IT IS SO ORDERED.

Dated: **November 8, 2022**

UNITED STATES MAGISTRATE JUDGE